# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

JOHNNY MIKE TORRES,

Petitioner,

v.

LORETTA E. LYNCH,

Respondent.

Case No. 1:16-cv-01038-EPG-HC

ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS

Petitioner is a federal immigration detainee proceeding *pro se* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. Petitioner challenges his continuing detention pending the Ninth Circuit's disposition of his petition for review. As Petitioner received all the process he was due in his bond hearing, the Court finds that denial of the petition for writ of habeas corpus is warranted.

## I.

## BACKGROUND

Petitioner is a citizen of Belize who was taken into the custody of U.S. Immigration and Customs Enforcement ("ICE") on June 20, 2013, after being arrested by the San Diego Police Department. (ECF No. 15 at 283–85). Petitioner subsequently was placed in removal proceedings as an alien present in the United States without being admitted or paroled, in violation of section 212(a)(6)(A)(i) of the Immigration and Nationality Act ("INA"), 8 U.S.C.

§ 1182(a)(6)(A)(i). (ECF No. 15 at 373). An immigration judge issued an order of removal, and the Board of Immigration Appeals ("BIA") dismissed Petitioner's appeal. Petitioner has filed two petitions for review, which remain pending before the United States Court of Appeals for the Ninth Circuit. (ECF No. 1 at 6; ECF No. 17 at 4).[1] On April 15, 2015, the Ninth Circuit granted Petitioner a stay of removal. Order, Torres v. Sessions, No. 14-73356 (9th Cir. Apr. 15, 2015), ECF No. 9.

On March 15, 2016, Petitioner appeared via video teleconference for a bond hearing before an immigration judge. (ECF No. 15 at 397). Although Petitioner had been unaware that there was a bond hearing scheduled, Petitioner elected to proceed with the hearing that day. (ECF No. 15 at 398). The government provided the immigration judge with Petitioner's Form I-213, which set forth Petitioner's criminal and immigration history, along with the BIA's October 20, 2014 and December 11, 2014 decisions. Petitioner did not object to the immigration judge considering these documents in the bond determination. (ECF No. 15 at 400).

At the conclusion of the hearing, the immigration judge found the government proved by clear and convincing evidence that Petitioner was a danger to the community and a flight risk. (ECF No. 15 at 416). On April 11, 2016, the immigration judge issued a written decision denying Petitioner bond. (ECF No. 15 at 393–94). Petitioner appealed to the BIA, which affirmed the bond determination on June 21, 2016. (ECF No. 1 at 4; ECF No. 17 at 4).

On July 18, 2016, Petitioner filed the instant petition for writ of habeas corpus, challenging his continued detention. (ECF No. 1). On August 29, 2016, Respondent filed a response, requesting that the instant case be related to Torres v. DHS/ICE, No. 1:15-cv-01841-SAB and the petition be dismissed as moot. (ECF No. 8). On March 7, 2017, the Court found that the petition was not moot. (ECF No. 14). Respondent has filed an answer, and Petitioner has filed a traverse. (ECF Nos. 17, 18). The parties have consented to the jurisdiction of the United States Magistrate Judge. (ECF Nos. 4, 5).

///

///

[1] Page numbers refer to the ECF page numbers stamped at the top of the page.

## II.

## DISCUSSION

"[A] federal district court has habeas jurisdiction under 28 U.S.C. § 2241 to review Casas bond hearing determinations for constitutional claims and legal error." Singh v. Holder, 638 F.3d 1196, 1200 (9th Cir. 2011) (citing Demore v. Kim, 528 U.S. 510, 516–17 (2003)). "Although [8 U.S.C.] § 1226(e) restricts jurisdiction in the federal courts in some respects, it does not limit habeas jurisdiction over constitutional claims or questions of law." Singh, 638 F.3d at 1202.

Congress has enacted a complex statutory scheme governing the detention of noncitizens during removal proceedings and following the issuance of a final order of removal. "Where an alien falls within this statutory scheme can affect whether his detention is mandatory or discretionary, as well as the kind of review process available to him if he wishes to contest the necessity of his detention." Prieto-Romero v. Clark, 534 F.3d 1053, 1057 (9th Cir. 2008). The authority to detain a noncitizen whose removal has been stayed by a court of appeals pending its disposition of his petition for review is found in 8 U.S.C. § 1226(a). Prieto-Romero, 534 U.S. at 1059. Section 1226(a) provides in pertinent part:

> On a warrant issued by the Attorney General, an alien may be arrested and detained pending a decision on whether the alien is to be removed from the United States. Except as provided in subsection (c) and pending such decision, the Attorney General—
>
> (1) may continue to detain the arrested alien; and
>
> (2) may release the alien on—
>
> (A) bond of at least $1,500 with security approved by, and containing conditions prescribed by, the Attorney General; or
>
> (B) conditional parole;

8 U.S.C. § 1226(a).

The Ninth Circuit has held that a noncitizen subjected to prolonged detention under § 1226(a) is entitled to a hearing and individualized determination as to whether continued detention is necessary based on dangerousness or flight risk. Casas-Castrillon v. Dept. of

Homeland Sec., 535 F.3d 942, 949–52 (9th Cir. 2008). "[T]he government must provide periodic bond hearings every six months so that noncitizens may challenge their continued detention as 'the period of . . . confinement grows.'" Rodriguez v. Robbins (Rodriguez III), 804 F.3d 1060, 1089 (9th Cir. 2015)[2] (quoting Diouf v. Napolitano (Diouf II), 634 F.3d 1081, 1091 (9th Cir. 2011)). "[T]he government must prove by clear and convincing evidence that an alien is a flight risk or a danger to the community to justify denial of bond." Singh, 638 F.3d at 1208.

In evaluating whether the government has met its burden, immigration judges should consider the factors set forth in In re Guerra, 24 I. & N. Dec. 37 (B.I.A. 2006). Singh, 638 F.3d at 1206. "An Immigration Judge has broad discretion in deciding the factors that he or she may consider in custody redeterminations. The Immigration Judge may choose to give greater weight to one factor over others, as long as the decision is reasonable." Guerra, 24 I. & N. Dec. at 40. However, the Ninth Circuit has recognized the "most pertinent" factors being "the alien's criminal record, including the extensiveness of criminal activity, the recency of such activity, and the seriousness of the offenses." Singh, 638 F.3d at 1206 (quoting Guerra, 24 I. & N. Dec. at 40). Immigration judges also must consider restrictions short of incarceration and the length of time the noncitizen has already been detained. Rodriguez III, 804 F.3d at 1085–89. Due process violations in immigration proceedings are subject to harmless error review. Prieto-Romero, 534 F.3d at 1066 (citing Getachew v. INS, 25 F.3d 841, 845 (9th Cir. 1994)).

The Ninth Circuit has recognized that immigration "bond hearings are particularly informal in nature" and that "regulations delineating the rules of procedure for bond determinations in immigration court specify that an immigration judge may rely 'upon any information that is available to the Immigration Judge or that is presented to him or her by the alien or the Service.'" Singh, 638 F.3d at 1210 (quoting 8 C.F.R. § 1003.19(d)). Therefore, "[r]equiring the parties to adhere strictly to the Federal Rules of Evidence would run counter to this regulation and the informal nature of the [bond] proceedings." Singh, 638 F.3d at 1210

[2] The Supreme Court granted *certiorari*. Jennings v. Rodriguez, 136 S. Ct. 2489, 195 L. Ed. 2d 821 (2016). On November 30, 2016, the parties argued the case. On June 26, 2017, the Supreme Court set the case for reargument next term. Docket for Case No. 15-1204, Supreme Court of the United States, https://www.supremecourt.gov/search.aspx?filename=/docketfiles/15-1204.htm (last visited July 21, 2017). Rodriguez III is controlling precedent in the Ninth Circuit until the Supreme Court issues its decision.

(finding no due process violation when immigration judge admitted unauthenticated record of arrest and prosecution sheet into evidence at bond hearing).

Petitioner alleges that his due process rights were violated because the immigration judge relied on erroneous information in determining that Petitioner should not be released on bond. (ECF No. 18 at 3). Petitioner argues that "the evidence use[d] to draw the adverse calculus has been twisted and change[d] . . . from the dates of the convictions to the fact that a misdemeanor is consider[ed] a felony and a felony a misdemeanor." (Id. at 4). Petitioner asserts that he did not have a felony conviction for domestic violence, did not have a warrant out of Los Angeles county, and did not have a DUI conviction. (Id. at 3).

In denying bond after the March 15, 2016 hearing, the immigration judge considered the factors set forth in Guerra. (ECF No. 15 at 393–94).The immigration judge noted that Petitioner had resided in San Diego for twenty-five years, Petitioner's wife and two adopted children are United States citizens, and Petitioner owns an auto repair business. (Id. at 393). The immigration judge also noted Petitioner's criminal history, including: "a felony conviction for Battery of a Spouse in 2006," "a Possession of a Controlled Substance conviction in 1997," "an Unauthorized Use of an ID card conviction in 2013," "a DUI conviction at an unknown date," and "a warrant for his arrest for a Burglary charge out of Los Angeles, California." (Id.).

Although the information regarding the pending warrant out of Los Angeles County for burglary appears to have been outdated,[3] "an immigration judge may rely 'upon any information that is available to the Immigration Judge or that is presented to him or her by the alien or the Service.'" Singh, 638 F.3d at 1210 (quoting 8 C.F.R. § 1003.19(d)). With respect to the DUI, the Court notes that at the bond hearing Petitioner did not deny the DUI when the immigration judge asked whether he had an arrest and conviction for drunk driving. Petitioner only stated, "Sir, that was like years, years, way back, sir. That's like I can't recall. So it's way old, old, very, very old, sir." (ECF No. 15 at 411). It is uncontested that the immigration judge erroneously referred to the

---

[3] The record before this Court shows that in July 2013 an arrest warrant was issued by the Los Angeles County Superior Court. On June 11, 2014, the arrest warrant was recalled after Petitioner's arraignment. On June 18, 2014, Petitioner pleaded *nolo contendere* to burglary, in violation of California Penal Code section 459. (ECF No. 18 at 10–11).

battery of spouse conviction as a felony rather than a misdemeanor. However, Petitioner fails to demonstrate how he was prejudiced by this error. See Prieto-Romero, 534 F.3d at 1066 (subjecting due process violations in immigration proceedings to harmless error review). For example, as noted by Respondent, Petitioner was subsequently denied bond based on the extensiveness, recency, and seriousness of Petitioner's criminal history absent this error. (ECF No. 15 at 382–83).

Here, the immigration judge conducted a recorded, individualized bond hearing, properly placed the burden on the government to prove by clear and convincing evidence that Petitioner was a danger to the community and a flight risk, and considered the Guerra factors in the bond determination. As Petitioner was provided with all the process he was due, the Court finds that Petitioner is not entitled to habeas corpus relief.

## III.

## ORDER

Accordingly, the Court HEREBY ORDERS that the petition for writ of habeas corpus is DENIED.

IT IS SO ORDERED.

Dated: **July 25, 2017**

/s/ Eric P. Grosjean
UNITED STATES MAGISTRATE JUDGE